NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERICK ALFONSO VALLADARES, AKA Erick Alfonso Barrera Valladares, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.    20-72553 <br><br> Agency No. A094-831-022 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2022[**]
San Francisco, California

Before:  BYBEE, CALLAHAN, and COLLINS, Circuit Judges.

Erick Valladares ("Valladares"), a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' (the "BIA") dismissal of

his appeal and denial of his applications for cancellation of removal, withholding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

of removal, and protection under the Convention Against Torture ("CAT").[1] Our

jurisdiction is governed by 8 U.S.C. § 1252. We dismiss the petition in part and

deny it in part.

"Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872

(BIA 1994),] and also provides its own review of the evidence and law, we review

both the [Immigration Judge's] and the BIA's decisions." *Ali v. Holder*, 637 F.3d

1025, 1028 (9th Cir. 2011); *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020).

Thus, we refer to the BIA and the Immigration Judge ("IJ") collectively as the

"Agency." *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014).

1. In the absence of a colorable legal or constitutional claim, we lack

jurisdiction to review the Agency's discretionary determination that Valladares

was ineligible for cancellation of removal because he did not demonstrate

"exceptional and extremely unusual hardship" under 8 U.S.C. § 1229b(b)(1)(D).

*See* 8 U.S.C. § 1252(a)(2)(B)(i), (D); *see also Romero-Torres v. Ashcroft*, 327 F.3d

887, 891 (9th Cir. 2003); *see also Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930

(9th Cir. 2005). Although Valladares appears to argue that we have jurisdiction to

---

[1] Valladares did not exhaust his administrative remedies before the BIA regarding his application for asylum, and therefore we lack jurisdiction to review that issue. 8 U.S.C. § 1252(d)(1); *see Samayoa-Martinez v. Holder*, 558 F.3d 897, 902 n.7 (9th Cir. 2009); *see also Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) (holding that courts lack jurisdiction to review claims not presented to the Agency).

consider whether the Agency reviewed the relevant evidence, he hasn't made the necessary showing to confer jurisdiction. Rather, his argument that the BIA failed "to ensure that the [IJ] reviewed all relevant evidence" in making its hardship determination appears to be little more than a disagreement with the Agency's discretionary evaluation of his claim, over which we lack jurisdiction. *See Martinez–Rosas*, 424 F.3d at 930. Although Valladares argues that the Agency analyzed hardship with respect to the wrong country, and thereby failed to consider all relevant evidence, it is clear from the BIA's ruling that the BIA's single mention of the wrong country in one sentence was a typographical error that does not raise a colorable claim of legal error. Valladares does not otherwise raise a colorable legal or constitutional claim over which we retain jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D). Thus, the petition for review as to cancellation of removal is dismissed for lack of jurisdiction.

2. We review the denial of withholding of removal for substantial evidence. *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018). "Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006) (quotation marks omitted) (quoting 8 U.S.C. § 1252(b)(4)(B)). Here, the Agency's denial of relief is supported by substantial evidence, and Valladares has not demonstrated that an

3

alternative conclusion is compelled by the record. First, Valladares failed to connect his feared harm by gangs to his membership in any particular social group. 8 U.S.C. § 1231(b)(3); *see Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Additionally, substantial evidence supports the Agency's conclusion that Valladares failed to establish past persecution, based on the threats he identified from 20 years ago. It also supports the conclusion that he failed to establish a clear probability of future persecution based on his generalized fear of gang violence. *See INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987). Thus, the petition for review as to withholding of removal is denied.

3. Finally, Valladares has abandoned his claim for CAT relief by failing to discuss it in any meaningful way in his briefing. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

The temporary stay of removal remains in place until issuance of the mandate. The motions for stay of removal (Dkt Nos. 5, 8) are otherwise denied as moot.

**PETITION DISMISSED in part and DENIED in part.**

4